## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Elena Izkhakov, <br><br> **Plaintiff,** <br><br> v. <br><br> **Educational Commission for Foreign Medical Graduates,** <br><br> **Defendant.** | No. 2:12-cv-04135-MSG |

### Stipulated Order Regarding Confidentiality of Discovery Material

Whereas, the parties have stipulated that certain discovery material be treated as confidential; on this ___ day of _____, 2012, it is **ORDERED** that:

1.    <u>Designation of Discovery Materials as Confidential.</u>  All documents produced in the course of discovery or information exchange between the parties (whether formal or informal), since the initial filing of this action, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all documents produced in response to document requests or subpoenas *duces tecum* to third parties, and all deposition testimony and deposition exhibits, including information already produced, shall be subject to this Order concerning Confidential information, as set forth below:

(a)    The designation of Confidential information shall be made by placing or affixing the word "CONFIDENTIAL" on the document in a way that will not interfere with its legibility. One who provides material may designate it as Confidential only when such person in good faith believes it contains sensitive personal information or commercial information ("Confidential" information or documents).  Designation of Confidential information typically shall be made prior to, or contemporaneously with, the production or disclosure of that information, but may

also be retroactively asserted with respect to Confidential documents inadvertently produced without a Confidential designation.

(b)      Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential only if they are designated as such when the deposition is taken or within thirty (30) days of receipt of the transcript.  Any testimony which describes a document which has been designated as Confidential as described above, shall automatically be deemed to be designated as Confidential.

(c)      Information or documents designated as Confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purpose whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d)      The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

(i)      Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)      Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)      Disclosure may be made to court reporters engaged for deposition and those persons, if any, specifically engaged for the limited purpose of making photocopies of

documents.  Prior to disclosure to any such court reporter or person engaged in making

photocopies of documents, such person must agree to be bound by the terms of this Order.

       (iv)     Disclosure may be made to consultants, investigators, or experts

(hereinafter referred to collectively as "experts") employed by the parties or counsel for the

parties to assist in the preparation and trial of the lawsuit.  Prior to disclosure to any expert, the

expert must be informed of and agree in writing to be subject to the provisions of this Order

requiring that the documents and information be held in confidence.

       (v)     Disclosure may be made to the Court, persons employed by the Court, and

court reporters transcribing testimony at a hearing or trial in this action or any appeal therefrom.

       (e)     Except as provided in subparagraph (d) above, counsel for the parties shall keep

all documents designated as Confidential which are received under this Order secure within their

exclusive possession and shall take reasonable efforts to place such documents in a secure area.

       (f)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to

collectively as "copies") of documents or information designated as Confidential under this

Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if

that does not already appear.

2.     <u>Confidential Information Filed with Court</u>.  To the extent that any materials subject to

this Confidentiality Order (or any pleading, motion or memorandum referring to them) are

proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof

which discloses Confidential information, shall be filed under seal (by the filing party) with the

Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT

DATED _____, 2012," together with a simultaneous motion to seal.  Even if the filing

party believes that the materials are not properly classified as Confidential, the filing party shall

file the interim sealing motion; provided, however, that the filing of the interim sealing motion shall be wholly without prejudice to the filing party's rights under ¶ 5 of this Confidentiality Order.

3.  Confidential Information at Public Court Proceedings.  To the extent either party intends to use materials designated Confidential at a court proceeding open to the public, including hearings and trials, counsel for the parties shall confer in advance and discuss, in good faith, the appropriate safeguards to be proposed to the Court for the handling of such matters.

4.  Challenging Designation of Confidentiality.  A designation of confidentiality may be challenged upon motion.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5.  Return of Confidential Material at Conclusion of Litigation.  At the conclusion of the litigation, all material treated as Confidential under this Order and not received in evidence shall be returned to the originating party.  If the parties so stipulate, the material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6.  Applicability to Third Parties.  Documents produced by third parties in connection with this litigation may be designated as Confidential (either by the producing third party or a party to this action), and will then be treated as Confidential under this Order.

7.  Purpose of Stipulated Order Regarding Confidentiality of Discovery Material.  This Stipulated Order Regarding Confidentiality of Discovery Material is entered into solely for the purpose of facilitating the pre-trial exchange of information between the parties and the discovery process.  Nothing in this Stipulated Order Regarding Confidentiality of Discovery Materials, nor the production of any documents or information under its terms shall be deemed to

4

have the effect of an admission or waiver by any party of, or otherwise deemed to alter the confidentiality or non-confidentiality of, any documents or information. Nor shall compliance with this Stipulated Order Regarding Confidentiality of Discovery Materials operate as an admission as to the admissibility of any documents or information.

8.  The Court's Retention of Rights.  The Court retains the right to allow disclosure of any subject covered by this Stipulated Order Regarding Confidentiality of Discovery Materials or to modify this Stipulated Order Regarding Confidentiality of Discovery Materials at any time in the interest of justice.

9.  Statement of Good Cause.  Because of the nature of the claims at issue in this action, during the course of discovery in this litigation, it is expected that non-public personal information of both the Plaintiff and third parties might be included in documents and materials to be disclosed.  For example, it is expected that such documents and materials will include personal non-public information like test scores and other academic records, citizenship information, and/or banking information.  Accordingly, good cause for this Stipulated Order Regarding Confidentiality of Discovery Materials exists.

10/18/12                                          10/18/12

Christopher E. Chang, Esq.
LAW OFFICES OF CHRISTOPHER E.
CHANG
140 Broadway, 46th Floor
New York, New York 10005
212.208.1470
William T. Salzer, Esq.

SWARTZ CAMPBELL LLC
Two Liberty Place, 28th Floor
50 S. 16th Street
Philadelphia, PA 19102
215.564.5190

*Attorneys for Plaintiff Elena Izkhakov*

Brian W. Shaffer
Margaret E. Rodgers Schmidt
Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5917

*Attorneys for Defendant Educational
Commission for Foreign Medical Graduates*

BY THE COURT:

_____
                     Mitchell S. Goldberg, J.