## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELENA IZKHAKOV,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No.  12-4135** |
| | : | |
| **EDUCATIONAL COMMISSION FOR** | : | |
| **FOREIGN MEDICAL GRADUATES,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW,** this 9th day of February, 2016, pursuant to Local Rule of Civil Procedure 5.1.5, and upon consideration of Plaintiff's "Statement Objecting to the Court's Unsealing of Records" (Doc. No. 40), and the Court being satisfied that "good cause" continues to exist with regard to the enumerated docket entries listed below, it is hereby **ORDERED** that:

— Plaintiff's Statement Objecting to this Court's Unsealing of Records (Doc. No. 40) is **APPROVED** and **ADOPTED**.

— The Clerk of Court shall keep the following documents **UNDER SEAL**: (1) the complaint and all attachments thereto (Doc. Nos. 1-1 through 1-15); (2) the discovery plan of Elena Izkhakov (Doc. No. 15); (3) the motion for leave to file motion under seal (Doc. No. 32); (4) the motion to seal the complaint (Doc. No. 35); and (5) the praecipe to substitute (Doc. No. 36).

— These documents shall remain under seal until further Order of this Court.[1]

---

[1] Plaintiff has demonstrated that these docket entries contain confidential information, which has a high likelihood of causing her embarrassment, and irreparable damage to her professional reputation. Further, the risk of harm to Plaintiff outweighs the public's interest in disclosure. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787-91 (3d Cir. 1994)) (listing the violation of privacy interests and embarrassment as considerations for establishing good cause); see also In re Capital Cities/ABC, Inc.'s Application for Access to Sealed

BY THE COURT:

**/s/ Mitchell S. Goldberg**

_____

**MITCHELL S. GOLDBERG, J.**

---

Transcripts, 913 F.2d 89, 94 (3d Cir. 1990) ("[A]n individual's privacy or reputational interests may … rise to the level of a compelling governmental interest and defeat … the public's common law right of access."); Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 470 (E.D. Pa. 1997) (granting a protective order due to the strong probability that the plaintiff would suffer irreparable harm to his professional reputation if his name were revealed in connection with the lawsuit).